John C. Taylor (SBN 78389)
Sonya Ostovar (SBN 307207)
**TAYLOR & RING**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone: (310) 209-4100
Facsimile: (310) 208-5052

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 2, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SANTA BARBARA, a public entity; GABRIEL CASTRO, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Civil Rights Action (42 U.S.C. § 1983)<br>2. Substantive Due Process (42 U.S.C. § 1983)<br>3. Municipal Liability – Unconstitutional Custom, Practice, Or Policy (42 U.S.C. § 1983)<br>4. Municipal Liability – Policy of Inaction (42 U.S.C. § 1983)<br>5. Municipal Liability – Ratification (42 U.S.C. § 1983)<br>6. Supervisory Liability (42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

///

1

## COMPLAINT FOR DAMAGES

Plaintiff JANE DOE 2, for her complaint against the COUNTY OF SANTA BARBARA, GABRIEL CASTRO, and DOES 1 through 10, (all together, "DEFENDANTS"), alleges as follows:

## PARTIES

1.     Plaintiff JANE DOE 2 ("Plaintiff") is and was at all times mentioned herein a citizen of the State of California and resides in the Central District of California. Plaintiff was the victim of unlawful sexual assault perpetrated by Defendant GABRIEL CASTRO. As such, Plaintiff's full identity has been concealed from public court filings to prevent those not directly involved in this action from learning her identity and making her identity public. Such a public disclosure would further harm Plaintiff.

2.     Upon information and belief, at all relevant times GABRIEL CASTRO resided in the County of Ventura, within the Central District of California.

3.     At all relevant times, GABRIEL CASTRO was employed by the COUNTY OF SANTA BARBARA within the Santa Barbara County Sheriff's Office as a custody deputy. At all relevant times, GABRIEL CASTRO was acting within the course and scope of his employment. At all relevant times, GABRIEL CASTRO was acting with the implied and actual permission and consent of the COUNTY OF SANTA BARBARA.

4.     Defendant COUNTY OF SANTA BARBARA is and was municipal corporation and public entity within the Central District of California.  COUNTY OF SANTA BARBARA is a chartered subdivision of the State of California with the capacity to be sued. COUNTY OF SANTA BARBARA is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Santa Barbara County Sheriff's Office and its agents and employees. COUNTY OF SANTA BARBARA was responsible for ensuring the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and the State of California.

///

**COMPLAINT FOR DAMAGES**

5.      At all relevant times, DOES 1 through 10 were employees and/or agents of COUNTY OF SANTA BARBARA. At all relevant times, they were acting under color of law within the course and scope of their duties with respect to their employer. These defendants proximately caused Plaintiff's injuries by integrally participating or failing to intervene in the conduct of which Plaintiff complains, and/or by engaging in other acts or omissions described below.

6.      The true names of DOES 1 through 10 are unknown to Plaintiff, who therefore sues these defendants by fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

7.      This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1988, and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Santa Barbara, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.      Plaintiff began her detention at Santa Barbara County Main Jail in or about May 2017.

10.     Beginning in or about July 2002, CASTRO worked at Santa Barbara County Main Jail as a custody deputy. At all relevant times, CASTRO acted under color of law and within the course and scope of his employment by the COUNTY OF SANTA BARBARA.

11.     During Plaintiff's detention beginning in May 2017, CASTRO was repeatedly and consistently inappropriate with Plaintiff. CASTRO began by intentionally

**COMPLAINT FOR DAMAGES**

walking by as Plaintiff was naked while taking a shower. CASTRO also made sexual comments and innuendos to Plaintiff. CASTRO's advances were out in the open.

12. While taking Plaintiff to a medial appointment, CASTRO put his hand down Plaintiff's pants and grabbed her buttocks.

13. While Plaintiff was placed in isolation, CASTRO regularly came to Plaintiff's jail cell and required Plaintiff to expose her breasts to him in exchange for her mail. CASTRO continued to make explicit sexual comments and innuendos to Plaintiff during these visits. On some occasions, CASTRO masturbated while watching Plaintiff.

14. In or around August 2017, CASTRO came to Plaintiff's jail cell, as he often did, with Plaintiff's mail. This time, CASTRO demanded more of Plaintiff. CASTRO demanded that Plaintiff take off all her clothing and approach the tray slot. CASTRO then began penetrating Plaintiff's vagina with his fingers. With his other hand, CASTRO masturbated himself. Plaintiff felt shocked, frozen in fear, and deeply violated.

15. Based on information and belief, CASTRO was inappropriate with other female inmates, including, but not limited to, having female inmates expose their breasts to him and masturbate in exchange for providing them with items such as candy and cigarettes. Based upon information and belief, CASTRO routinely used his position of power to sexually assault and exploit female inmates. Based upon information and belief, CASTRO had a reputation within Santa Barbara County Main Jail for engaging in sexual misconduct against female inmates.

16. Based upon information and belief, other COUNTY OF SANTA BARBARA employees working at the Santa Barbara County Main Jail, including Salvador Vargas, also committed acts of sexual misconduct against female inmates. Based upon information and belief, Vargas routinely used his position of power to sexually assault and exploit female inmates. Vargas also had a reputation within Santa Barbara County Main Jail for engaging in sexual misconduct against female inmates.

17. In or around October 2017, Plaintiff was discharged Santa Barbara County Main Jail.

**COMPLAINT FOR DAMAGES**

18.     On or about February 21, 2020, CASTRO was arrested on sex crime charges against Plaintiff after an 18-month investigation. Based on information and belief, the investigation began after another inmate reported witnessing acts of sexual misconduct against Plaintiff perpetrated by CASTRO.

## FIRST CLAIM FOR RELIEF

### Civil Rights Action (42 U.S.C. § 1983)

### (Against GABRIEL CASTRO and DOES 1 through 10)

19.     The foregoing allegations are incorporated as if re-alleged herein.

20.     At all relevant times, Plaintiff was an inmate in custody by COUNTY OF SANTA BARBARA.

21.     At all relevant times, Defendants CASTRO and DOES 1 through 10 acted under color of law and within the course and scope of their employment by the COUNTY OF SANTA BARBARA.

22.     When CASTRO sexually assaulted Plaintiff and engaged in the conduct described above, he violated Plaintiff's constitutional rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

23.     The sexual assault perpetrated by CASTRO against Plaintiff, and CASTRO's other conduct described above, was unreasonable, unjustified, and offensive to human dignity.

24.     DOES 1 through 10 failed to intervene to prevent CASTRO's misconduct, even though they had an opportunity to do so. DOES 1 through 10 were deliberately indifferent to the risk or danger of sexual assault of Plaintiff and similarly situated inmates by CASTRO.

25.     The conduct of Defendant CASTRO and DOES 1 through 10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages against each of them.

///

**COMPLAINT FOR DAMAGES**

26.     As a result of the conduct of CASTRO and DOES 1 through 10, Plaintiff was harmed.

27.     Plaintiff brings this claim individually and seeks compensatory damages as well as attorney fees under 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

### (Against GABRIEL CASTRO and DOES 1 through 10)

28.     The foregoing allegations are incorporated as if re-alleged herein.

29.     At all relevant times, Defendants CASTRO and DOES 1 through 10 acted under color of law and within the course and scope of their employment by the COUNTY OF SANTA BARBARA.

30.     Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience.

31.     The aforementioned actions of CASTRO and DOES 1 through 10, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiff.

32.     The acts of CASTRO and DOES 1 through 10 violated the substantive due process rights of Plaintiff.

33.     The acts or omissions of CASTRO and DOES 1 through 10 caused harm to Plaintiff.

34.     The conduct of CASTRO and DOES 1 through 10 was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of those defendants.

35.     Plaintiff brings this claim individually and seeks compensatory damages as well as attorney fees under 42 U.S.C. § 1988.

///

6

**COMPLAINT FOR DAMAGES**

## **THIRD CLAIM FOR RELIEF**

### **Municipal Liability - Unconstitutional Custom, Practice, or Policy**

### **(42 U.S.C. § 1983)**

### **(Against COUNTY OF SANTA BARBARA)**

36.     The foregoing allegations are incorporated as if re-alleged herein.

37.     At all relevant times, Defendants CASTRO and DOES 1 through 10 acted under color of law and within the course and scope of their employment by the COUNTY OF SANTA BARBARA.

38.     Defendants CASTRO and DOES 1 through 10 deprived Plaintiff of her particular rights under the Fourth, Eighth, and Fourteenth Amendments.

39.     COUNTY OF SANTA BARBARA maintains or tolerates unconstitutional customs, practices, and policies that facilitated the deprivation of Plaintiff's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments.

40.     Plaintiff was harmed as a result of these unconstitutional customs, practices, and policies.

41.     The policies, customs, and practices described above are also evidenced by the victimization of other inmates by CASTRO. Further, the policies described above are evidenced by the sexual assault and abuse of other inmates by staff members other than CASTRO.

42.     COUNTY OF SANTA BARBARA, including its relevant officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Said officials acted with deliberate indifference to the foreseeable effects and consequences of these policies, practices and customs with respect to the constitutional rights of Plaintiff and other wards similarly situated.

43.     Plaintiff brings this claim individually and seeks compensatory damages as week as attorney fees under 42 U.S.C. § 1988.

///

**COMPLAINT FOR DAMAGES**

## FOURTH CLAIM FOR RELIEF

### Municipal Liability - Inadequate Training/Policy of Inaction

### (42 U.S.C. § 1983)

### (Against COUNTY OF SANTA BARBARA)

44.    The foregoing allegations are incorporated as if re-alleged herein.

45.    At all relevant times, Defendants CASTRO and DOES 1 through 10 acted under color of law and within the course and scope of their employment by the COUNTY OF SANTA BARBARA.

46.    Defendants CASTRO and DOES 1 through 10 deprived Plaintiff of her rights under the Fourth, Eighth, and Fourteenth Amendments, as alleged above.

47.    The training provided by the COUNTY OF SANTA BARBARA was not adequate to train its employees to handle the usual and recurring situations with which they must deal. Specifically, as evidenced by this incident, the COUNTY OF SANTA BARBARA did not adequately train its employees to prevent, deter, detect, and avoid sexual abuse of inmates. Also, as evidenced by this incident, the COUNTY OF SANTA BARBARA did not adequately train its employees to intervene when other employees are observed to be violating policies designed to prevent and deter sexual misconduct.

48.    The COUNTY OF SANTA BARBARA was deliberately indifferent to the obvious consequences of its failure to train its employees adequately.

49.    The failure of the COUNTY OF SANTA BARBARA to provide adequate training caused the deprivation of the Plaintiff's rights.

50.    The COUNTY OF SANTA BARBARA maintained a policy of inaction with respect to the violation of policies designed to prevent or deter sexual misconduct against inmates. Employees who engaged in suspicious behavior, or behavior that violated written policy, were inadequately disciplined or otherwise penalized in connection with the use of excessive force.

51.    Plaintiff brings this claim individually and seeks compensatory damages as well as attorney fees under 42 U.S.C. § 1988.

8

## FIFTH CLAIM FOR RELIEF

### Municipal Liability - Ratification (42 U.S.C. § 1983)

### (Against COUNTY OF SANTA BARBARA)

52. The foregoing allegations are incorporated as if re-alleged herein.

53. At all relevant times, Defendants CASTRO and DOES 1 through 10 acted under color of law and within the course and scope of their employment by the COUNTY OF SANTA BARBARA.

54. Defendants CASTRO and DOES 1 through 10 deprived plaintiff of her rights under the Fourth, Eighth, and Fourteenth Amendments, as alleged above.

55. Upon information and belief, a final policymaker for the COUNTY OF SANTA BARBARA has ratified or will ratify the conduct of Defendants CASTRO and DOES 1 through 10 and the bases for such conduct. Upon information and belief, the final policymaker acted or will act under color of law and with final policymaking authority from the COUNTY OF SANTA BARBARA.

56. On information and belief, the COUNTY OF SANTA BARBARA has determined or will determine that the conduct of CASTRO and DOES 1 through 10 was within policy, or has thus far failed to make a determination one way or the other.

57. On information and belief, as of the date of this complaint, neither CASTRO and DOES 1 through 10 have been disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the incident.

58. Plaintiff brings this claim individually and seeks compensatory damages as well as attorney fees under 42 U.S.C. § 1988.

## SIXTH CLAIM FOR RELIEF

### Supervisory Liability (42 U.S.C. § 1983)

(Against DOES 1 through 10)

59. The foregoing allegations are incorporated as if re-alleged herein.

60. At all relevant times, DOES 1 through 10 acted in a supervisory capacity and under color of law.

61.    The acts and failures to act of DOES 1 through 10 were a cause of the sexual misconduct against PLAINTIFF and other conduct by CASTRO, which deprived PLAINTIFF of her particular rights under the Fourth, Eighth, and Fourteenth Amendments, as alleged above.

62.    DOES 1 through 10 knew that their subordinate CASTRO was engaging in conduct in violation of written policy and knew or reasonably should have known that his conduct would deprive the PLAINTIFF of these rights.

63.    DOES 1 through 10 failed to act to prevent CASTRO, their subordinate, from engaging in such conduct.

64.    The known or obvious consequence of training deficiencies and the failures to enforce written policies would be to cause subordinates like CASTRO to violate the PLAINTIFF's constitutional rights.

65.    DOES 1 through 10 disregarded this consequence.

66.    These training deficiencies and the failures to enforce written policies resulted in the deprivation of PLAINTIFF's rights by CASTRO.

67.    DOES 1 through 10 engaged in conduct that showed a reckless or callous indifference to the deprivation by the subordinate of the rights of others.

68.    The conduct of DOES 1 through 10 was willful, wanton, malicious, or done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to each of those defendants.

69.    PLAINTIFF brings this claim individually and seeks compensatory damages as well as attorney fees under 42 U.S.C. § 1988.

///
///
///
///
///
///

10

**COMPLAINT FOR DAMAGES**

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against Defendants COUNTY OF SANTA BARBARA, a public entity; GABRIEL CASTRO, an individual; and DOES 1 through 10, inclusive, as follows:

1. For general and special damages according to proof;

2. For punitive damages against Defendant GABRIEL CASTRO and DOES 1 through 10 in an amount to be proven at trial;

3. For reasonable attorneys' fees pursuant to 42 U.S.C. **§** 1988;

4. For interest;

5. For an award of the costs incurred by Plaintiffs in bringing this action; as well as

6. For such other and further relief as the Court deems proper.

Dated: September 8, 2020                    **TAYLOR & RING**


By: _Sonya Ostovar_____
        John C. Taylor
        Sonya Ostovar
        Attorneys for Plaintiff

11

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: September 8, 2020

**TAYLOR & RING**

By: _____
John C. Taylor
Sonya Ostovar
Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**